43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jex Roy WILLIAMS, Defendant-Appellant.
 No. 93-5330.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 2, 1994.
Decided Nov. 16, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. W. Earl Britt, District Judge. (CR-92-261-1-G)
 Rion Brady, Archdale, NC, for Appellant. Benjamin H. White, Jr., U.S. Atty., Paul A. Weinman, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jex Roy Williams appeals from his conviction of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Because we find no error, we affirm.
 
 
 2
 Williams was arrested by Greensboro police officers after cocaine base was found in his fiancee's purse. Williams was informed of his rights and waived them. Initially, he admitted putting the package in the purse, but denied that he knew what was in the package. Eventually, Williams admitted to knowing about the drugs. Williams's motion to suppress these statements was denied. At trial, Williams testified that he did not know that the package contained drugs and that the interrogating officers had threatened him. The jury found him guilty. During his pre-sentence interview Williams admitted to the probation officer that he possessed the drugs. As a result, the presentence report (PSR) recommended a two-level reduction of his base offense level for acceptance of responsibility.* At sentencing, the Government challenged the adjustment. The district court denied the two-level reduction and sentenced Williams to 168 months in prison and five years supervised release. Williams appeals.
 
 
 3
 Williams makes two allegations on appeal. First, he claims that the district court's denial of his motion to suppress was improper, and second, he claims that the district court erred in denying him an adjustment for acceptance of responsibility.
 
 
 4
 Regarding the motion to suppress, Officer Fulmore testified that no threats were made to Williams by himself or any other interrogating officer. Williams gave opposing testimony. The district court denied the motion to suppress on the testimony of Officer Fulmore. A factfinder's determination of credibility is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Because Williams fails to assert any reasons why the officer's testimony should be deemed incredible, the district court properly denied the motion to suppress.
 
 
 5
 We now turn to Williams's challenge to his sentence. Whether a reduction for acceptance of responsibility is warranted is a factual question reviewable under the clearly erroneous standard. United States v. Cusack, 901 F.2d 29, 31 (4th Cir.1990). Because of his ability to evaluate the defendant's acceptance of responsibility, the district judge's determination is entitled to great deference. USSG Sec. 3E1.1, comment (n.5). In the present case, Williams denied any knowledge of the drugs at trial, and waited until after his trial to admit to possession. Based on these facts the district court's denial of the adjustment was not clearly erroneous. See USSG Sec. 3E1.1, comment (n.1, 2) (false denial of relevant conduct and forcing trial by jury due to denial of essential factual element of guilt are inconsistent with acceptance of responsibility).
 
 
 6
 For these reasons, we affirm Williams's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 This adjustment was made pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993)